**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| IVAN SIDNEY, JR.,<br>        Appellant, | DOCKET NUMBER<br>DE-0752-14-0431-I-1 |
| v. | |
| DEPARTMENT OF THE INTERIOR,<br>        Agency. | DATE: February 13, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeffrey H. Jacobson, Esquire, Tucson, Arizona, for the appellant.

Lauren Bachtel and Toye Olarinde, Esquire, Washington, D.C., for the
  agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which
sustained his removal.  Generally, we grant petitions such as this one only in the

---

[1]  A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant was formerly employed by the agency as a Criminal Investigator with the Bureau of Indian Affairs Hopi Agency in Keams Canyon, Navajo, Arizona. Initial Appeal File (IAF), Tab 6 at 18. His primary job duties included investigating crimes for the purpose of prosecution in the U.S. District Court for the District of Arizona and the Hopi Indian Tribal Court. Hearing Transcript (HT) at 92-93 (June 29, 2015) (testimony of the appellant). On March 12, 2014, the agency proposed his removal based on two charges of failure to meet a condition of employment and misconduct. IAF, Tab 6, Subtab 4(e). On June 2, 2014, the agency sustained the charges and removed the appellant effective that same day. *Id.*, Subtab 4(b). The appellant filed a Board appeal disputing the charges and raised affirmative defenses of a due process violation and harmful error. IAF, Tab 1 at 4, Tab 47. After holding a hearing, the administrative judge issued an initial decision, sustaining the appellant's removal. IAF, Tab 51, Initial Decision (ID). The administrative judge found that the

agency proved both of its charges and that the penalty of removal was reasonable. ID at 10-18. The administrative judge also found that the appellant failed to prove his affirmative defenses. ID at 19-22.

¶3        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 5. The agency has opposed the appellant's petition, PFR File, Tab 9, and the appellant has filed a reply, PFR File, Tab 14.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that the agency proved its charge of failure to meet a condition of employment.

¶4        In this charge, the agency asserted that the appellant failed to meet a condition of employment because he could no longer investigate and present cases for prosecution based on letters from the U.S. Attorney for the District of Arizona and the Hopi prosecutor. IAF, Tab 6, Subtabs 4(e), 4(b). In a June 17, 2013 letter, the U.S. Attorney for the District of Arizona indicated that the office would no longer prosecute Indian Country cases investigated by the appellant due to his inadequate performance in investigating Federal felony matters since approximately 2011. *Id.*, Subtab 4(g). Similarly, in a July 10, 2012 letter, the Hopi prosecutor requested that the appellant be removed from his position due to his performance deficiencies, including, among other things, failing to complete investigations and submit cases for review throughout his almost 15-year career with the Hopi Agency and mishandling of evidence by breaking the chain of custody in his cases. *Id.*, Subtab 4(i).

¶5        To sustain a charge of failure to fulfill a condition of employment, the agency must show that (1) the requirement at issue is a condition of employment and (2) the appellant failed to meet that condition. *Gallegos v. Department of the Air Force*, 121 M.S.P.R. 349, ¶ 6 (2014). The administrative judge found that presenting investigations to Federal and tribal authorities for prosecution was a requirement of the criminal investigator position. ID at 10. He further found that the letters precluded the appellant from presenting cases to the U.S. Attorney for

the District of Arizona and to the Hopi Tribal authorities, and, thus, the appellant failed to meet this requirement.  ID at 11.

¶6        On review, the appellant argues that the administrative judge erred in finding that it was a requirement of his position that he be able to present investigations of crimes that occurred on Hopi Tribal land and in the State of Arizona.  PFR File, Tab 5 at 7-9.  He asserts that he has not failed to meet a condition of his employment because his position description indicates that he may be assigned to other reservations and he is capable of investigating cases for prosecution in 42 of the 43 tribal jurisdictions that the Bureau of Indian Affairs services and in 49 of 50 states.  *Id.* at 9.  He also argues that the letters constitute personal opinions of the Hopi prosecutor and U.S. Attorney, both of whom are no longer employed in their respective positions.  PFR File, Tab 14 at 6-7.

¶7        The Board's standard of review in cases involving an employee's failure to meet a condition of employment is fairly deferential.  The Board has held that it defers to the agency's determination as to the requirements that must be fulfilled for an individual to qualify for appointment to and retention in a particular position, absent evidence of bad faith or patent unfairness.  *Gallegos*, 121 M.S.P.R. 349, ¶ 6; *Thompson v. Department of the Air Force*, 104 M.S.P.R. 529, ¶ 9 (2007).  Here, the agency maintains that the appellant's position description requires him to be able to present investigations for Federal, state, local, and tribal prosecution, including in Arizona, and on Hopi land.  Indeed, the appellant testified that his principal job duties were to investigate crimes for the purpose of prosecution in the U.S. District Court for the District of Arizona and the Hopi Tribal Court.  ID at 2.  There is no evidence to support a finding of bad faith or unfairness in the agency's view of the requirements of this position.  Rather, it seems reasonable for the agency to require the appellant to be able to investigate cases in the jurisdictions in which he was hired to work as a criminal investigator.  Therefore, we defer to the agency's discretion to prescribe the duties.  *See Gallegos*, 121 M.S.P.R. 349, ¶ 6; *Thompson*, 104 M.S.P.R. 529, ¶ 10.

<u>The administrative judge correctly found that the agency proved its charge of misconduct.</u>

¶8        In specification A of its misconduct charge, the agency alleged that on October 25, 2011, the appellant did not follow basic investigative protocol when he failed to treat a suspicious suicide as though it were a homicide by sealing off a residence and applying for a Federal search warrant. IAF, Tab 6, Subtab 4(e). The appellant does not dispute the administrative judge's finding that the agency proved this charge, and we discern no error in the administrative judge's analysis. ID at 12-13.

¶9        In specification B, the agency alleged that on October 28, 2011, the appellant left several paper evidence bags and a large red hazmat bag containing evidence from the suspicious suicide outside near the rear police entrance, unattended and unsecured, for 4 days, thereby losing the chain of custody of that evidence. IAF, Tab 6, Subtab 4(e). The administrative judge construed this charge as alleging that the appellant left evidence outside, unattended, and unsecured, losing the chain of custody, and viewed the language "[a]s a result, the evidence was unusable in court," as describing the surrounding circumstances of the charged conduct. ID at 13, n.2. The administrative judge found that the appellant admitted that he left the evidence bags outside, unattended, and unsecured. ID at 13. The administrative judge rejected the appellant's argument that the agency failed to prove its charge because the evidence was never formally ruled inadmissible in court. ID at 14-15. In particular, he found that the question of whether measures could have been taken to rehabilitate the evidence to use it in court was not germane to the issue of whether the agency proved that the appellant engaged in misconduct by leaving the evidence outside. ID at 15.

¶10      On review, the appellant argues that the administrative judge erred in his interpretation of the agency's charge and improperly failed to require the agency

to prove every element of its specification by preponderant evidence.[2] PFR File, Tab 5 at 9-11. He also contends that, in interpreting the charge, the administrative judge improperly relied on *Rosenberg v. Department of Transportation*, 105 M.S.P.R. 130 (2007). *Id.* at 10.

¶11 We find such arguments unavailing. An agency is required to prove only the essence of its charge, and need not prove each factual specification in support of the charge. *Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994), *aff'd,* 48 F.3d 1235 (Fed. Cir. 1995) (Table). It is undisputed that the appellant left the evidence outside, unattended, and unsecured, and that this broke the chain of custody. It is true that the charge also stated "[a]s a result, the evidence was unusable in court." IAF, Tab 6, Subtab 4(e). However, we agree with the administrative judge that the agency was not required to prove that the evidence was unusable in court.[3] Such language merely describes the ramifications of the appellant's misconduct. *See, e.g.*, *McIntire v. Federal Emergency Management Agency*, 55 M.S.P.R. 578, 584 (1992) (finding that the essence of the agency's

[2] The appellant argues that to prove a generic charge of misconduct, the agency must prove every element of each specification by preponderant evidence. PFR File, Tab 5 at 11. In support of his argument, he cites to *Lachance v. Merit Systems Protection Board*, 147 F.3d 1367 (Fed. Cir. 1998). *Id.* at 10. However, *Lachance* does not stand for that proposition. Rather, in *Lachance*, the U.S. Court of Appeals for the Federal Circuit explained that, when an agency uses general charging language, the Board must look to the specification to determine what conduct the agency is relying on as the basis for its proposed disciplinary action. *Lachance*, 147 F.3d at 1371. The Court held that to sustain a charge of unacceptable and inappropriate behavior by a supervisor, the agency was not required to prove that the appellant intended to impede the agency's investigation by making comments to a subordinate; rather, the agency also could prove its charge through proof of an alternative basis identified in the specification, that the appellant should have known that his subordinate would perceive his conduct as intimidating. *Id.* at 1372-73.

[3] On review, the appellant also argues that the administrative judge erred in finding that the evidence was unusable. PFR File, Tab 5 at 11. However, any such error would not provide a basis for reversal because the agency was not required to prove that the evidence was unusable. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversing an initial decision).

neglect of duty charge was that the appellant implemented an unauthorized attendance and leave usage system and that the agency's allegation that the system resulted in hundreds of criminal falsifications of time and attendance records was not a separate element of the charge, but merely explained the ramifications of the appellant's misconduct). Thus, we agree with the administrative judge that the agency proved the essence of the charge.[4]

The administrative judge properly found that the agency proved that the penalty of removal was reasonable.

¶12 On review, the appellant contends that the administrative judge erroneously rejected his disparate penalty claim and improperly failed to mitigate the penalty of removal. PFR File, Tab 5 at 13-16. It is unclear whether the appellant alleged below that he was subjected to a disparate penalty. In his prehearing submission, the appellant alleged that the penalty of removal was unreasonable but did not mention disparate penalty or identify any comparators. IAF, Tab 28 at 7. The administrative judge indicated in the initial decision that "to the extent it could be argued that a disparate penalty claim was timely raised, it fails. Unlike the appellant, [A.S.] was a newly appointed criminal investigator." ID at 21 n.4. In any event, we find that the appellant failed to establish a claim of disparate penalty because he has not identified any comparators who engaged in the same or similar misconduct. *See Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 10 (reiterating that for a disparate penalty claim to succeed, there must be close similarity in offenses between the appellant and any comparator).

¶13 First, the appellant contends that the Chief, who discovered and photographed the evidence that the appellant improperly left outside of the Hopi police station, is a proper comparator because he engaged in misconduct when he lost the photographs. PFR File, Tab 5 at 14-15. To the extent such action

---

[4] To the extent that it appears that the administrative judge relied on *Rosenberg*, 105 M.S.P.R. 130, ¶ 17, for the proposition that an agency is only required to prove the essence of its charge, ID at 13 n.2, we discern no error in his analysis.

amounts to misconduct, it is not similar in nature and seriousness to the appellant's misconduct in leaving evidence outside and unattended for 4 days, breaking the chain of custody, and failing to properly conduct an investigation by sealing off the premises and obtaining a Federal search warrant.

¶14     Similarly, the appellant alleges that three other individuals who worked on the same investigation as him also did not apply for a search warrant. The first comparator was initially assigned to conduct the investigation with the appellant and also did not apply for a search warrant. ID at 2-3. The administrative judge found that this claim failed because this comparator was newly appointed. ID at 21 n.4. Although this comparator's status as a newly appointed criminal investigator may have justified no discipline, it was not proper to reach that issue because the appellant failed to show that this comparator engaged in similar misconduct to him as a whole, including leaving evidence outside and unattended for 4 days.

¶15     The appellant contends, moreover, that the second and third comparators, who were later assigned to the same suspicious suicide investigation, also did not obtain a search warrant or treat the investigation as a homicide. PFR File, Tab 5 at 15-16. However, like the first comparator, the record does not reflect that these individuals engaged in misconduct as a whole that was similar to the appellant's misconduct, which also included leaving evidence outside and unattended for 4 days, breaking the chain of custody. Nor does the record reflect that any of the three comparators had a history of complaints regarding the timeliness and thoroughness of their investigations, as did the appellant. Moreover, even if the appellant made out a claim of disparate treatment, and the agency failed to rebut that claim, it does not necessarily follow that the appellant's penalty must be reduced. The consistency of a penalty with those imposed on other employees for the same or similar offenses is only one factor to

be considered in mitigating an agency-imposed penalty.[5]  *See Singh*, 2022 MSPB 15, ¶ 18.  The Board frequently has stated that the nature and seriousness of the offense, and its relation to the employee's job duties, position, and responsibility, is the most important factor in assessing the reasonableness of the penalty.  *Id.* Here, the record reflects that the deciding official properly considered the *Douglas* factors, emphasizing the seriousness of the offenses in relation to the appellant's position and his belief that each charge standing on its own warranted removal.  ID at 16.  Accordingly, we find that the administrative judge properly found that the penalty of removal was reasonable.

<u>The appellant's remaining arguments do not provide a basis for reversal.</u>

¶16        Lastly, the appellant asserts that the administrative judge erred in denying his motions for an adverse inference against the agency and motion for dismissal to allow time to evaluate newly discovered evidence.[6]  PFR File, Tab 5 at 12-13. Such motions occurred during the hearing, following testimony that the agency had located the evidence from the suspicious suicide that the appellant had left outside.  HT at 32-38 (June 30, 2015) (rulings made by the administrative judge). The agency had previously represented during discovery that the evidence could not be located.  HT at 34 (June 30, 2015).  As a result of the testimony, the appellant maintains that he was denied access to relevant evidence.  PFR File, Tab 5 at 12.  He contends that he was entitled to inspect such evidence to potentially show that it was in the same condition, despite having been left outside for 4 days, and thus, it would not actually have been unusable in court. *Id.* at 12-13.

---

[5] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors to be considered when evaluating the penalty to be imposed for an act of misconduct.

[6] The exact nature of the appellant's motions is somewhat unclear.  The administrative judge ruled that he would not summarily rule in the appellant's favor or halt the proceedings.  HT at 161 (June 30, 2015) (rulings made by the administrative judge).

¶17    We find that the administrative judge did not abuse his discretion in denying such motions.  HT at 156-61 (June 30, 2015); *see Oulianova v. Pension Benefit Guaranty Corporation*, 120 M.S.P.R. 22, ¶ 12 (2013) (stating that administrative judges have broad discretion to regulate the proceedings before them).  As discussed, we agree with the administrative judge's finding that the agency was not required to prove that the evidence was unusable in court to sustain specification B of its misconduct charge.  Thus, the current state of the evidence and whether or not it could have been rehabilitated were not issues before the administrative judge, and the appellant was not prejudiced by being denied the opportunity to examine the evidence.

¶18    Accordingly, we affirm the initial decision, sustaining the appellant's removal.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                         /s/ for
                                       _____
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.